**Vladimir NILOV, Petitioner,**

v.

**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICE, By its DISTRICT DIRECTOR OF the NEW YORK DISTRICT, Alberto R. Gonzales,[1] Attorney General of the United States, Respondents.**

No. 04–1244–ag.

United States Court of Appeals, Second Circuit.

Oct. 23, 2006.

Nicholas J. Mundy, New York, New York, for Petitioner.

Roslynn R. Mauskopf, United States Attorney, Eastern District of New York; F.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Franklin Amanat, Susan L. Riley, Assistant United States Attorneys, Brooklyn, New York, for Respondents.

PRESENT: DENNIS JACOBS, Chief Judge, JOSEPH M. McLAUGHLIN, CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Petitioner Vladimir Nilov, a native and citizen of Russia, seeks review of a February 23, 2004, order of the BIA denying his motion to reissue its April 1, 2003 decision affirming the December 8, 1999 decision of Immigration Judge ("IJ") Charles M. Honeyman denying petitioner's application for asylum and withholding of removal. *In re Vladimir Nilov*, No. A 75 839 883 (B.I.A. Feb. 23, 2004), *aff'g* No. A 75 839 883 (B.I.A. April 1, 2003), *aff'g* No. A 75 839 883 (Immig. Ct. N.Y. City Dec. 8, 1999). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion to reissue a prior decision, this Court reviews the BIA's decision for abuse of discretion. *Cf. Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). The BIA abuses its discretion when its decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

Here, the BIA did not abuse its discretion in denying Nilov's motion to reissue its April 2003 decision. While Nilov's motion might have been best construed as a motion to reopen proceedings, his argument that the BIA erred by construing the motion as a motion to reconsider, thereby depriving him of due process,

is unavailing. The BIA first considered Nilov's claim that neither he nor his prior attorney received a copy of the decision, and accurately observed that the record revealed that the April 2003 decision was mailed to the prior attorney's address of record. 8 C.F.R. § 1003.1(f), 8 C.F.R. § 292.5(a). The BIA appropriately determined that there was no basis for concluding that the decision was not properly served, given that Nilov failed to submit any evidence to suggest otherwise, such as an affidavit from his former counsel attesting that he never received the April 2003 decision, or a copy of his former counsel's change of address form. Only after making this determination did the BIA reach a finding that Nilov's motion was untimely as a motion to reconsider. Thus, the BIA properly denied Nilov's motion, and provided adequate reasoning for doing so. *See Kaur v. BIA*, 413 F.3d 232, 233–34 (2d Cir.2005); *Ke Zhen Zhao*, 265 F.3d at 93.

For the foregoing reasons, the petition for review is DENIED.